IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 10-cr-00284-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
      BRANDON W. HENTGES,
      TYLER J. HENTGES,
      NATHAN A. HENTGES,
      COLIN M. HENTGES, and
      ALICHARAE N. HENTGES,

      Plaintiffs,

v.

JEFFERSON COUNTY SCHOOLS,
CAROL MINOR,
KRISTOPHER SCHUH,
HOLLY ANDERSON,
CYNTHIA STEVENSON,
CAPLAN AND ERNEST, LLC,
ALLEN P. TAGGART,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT,
DAN GARD, and
DEPUTY PEPPER,

      Defendants,
----------------
and
--------------
Criminal Action No. 10-cr-00320-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
      BRANDON W. HENTGES,
      TYLER J. HENTGES,
      NATHAN A. HENTGES,
      COLIN M. HENTGES, and
      ALICHARAE N. HENTGES,

      Plaintiffs,

v.

JEFFERSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT, et al.,
DEBBIE MOSS,
CAROL A. WALTER,
JEFFERSON COUNTY SHERIFF'S DEPARTMENT, et al., and
DAN GARD,

      Defendants,

-------------
and
-------------
Criminal Action No. 10-cr-00321-MSK

JOHN M. HENTGES, *Pro Se*, *In Pro Per*, *In Propria Persona*, *Sui Juris*, and on behalf of his children:
      BRANDON W. HENTGES,
      TYLER J. HENTGES,
      NATHAN A. HENTGES,
      COLIN M. HENTGES, and
      ALICHARAE N. HENTGES,

      Plaintiffs,

v.

CAROL A. WALTER,
REBECCA BRAUN,
SUE WOLFE,
KAREN A. BUCK,
JENNY A. REED,
HILLARIE GILMORE,

      Defendants,

-------------
and
-------------
Criminal Action No. 10-cr-00357-MSK

JOHN M. HENTGES, *Pro Se, In Pro Per, In Propria Persona, Sui Juris*,
and on behalf of my children: Brandon W. Tyler J., Nathan A., Colin M, and Alicharae N. Hentges,

      Plaintiffs,

v.

CAROL A WALTER,
GIRL SCOUTS OF EVERGREEN, TROOP #1215, et al,
JULIANA REID,
MARGARET BERRY,
LIA CHRISTIANS,
GIRL SCOUTS OF COLORADO, et al.,
VIRGINIA L. MASON,
ANGELA LANGHUS-GANTT,
GIRL SCOUTS OF THE USA, et al.,
TONY DALVIT,
RICHARD SEELEY,
DENVER CITY ATTORNEY, et al.
MELISSA DRAZEN-SMITH,

   Defendants.

## ORDER DISMISSING CASES

  In each of these cases, John M. Hentges has attempted to commence a criminal action pursuant to 18 U.S.C. §§ 3231, 241, 242, and other criminal statutes by filing *pro se* documents titled "Criminal Complaint and Affidavit".[1]  Mr. Hentges seeks to prosecute, on his own behalf and on behalf of his children, criminal charges against three Jefferson County, Colorado entities, a law firm, various individuals (some of whom are Jefferson County officials), and his ex-wife.

---

[1] In construing Mr. Hentges's filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

On June 25, 2010, the Court issued an Order to Show Cause why the cases should not be dismissed in Case Nos. 10-cr-00284, 10-cr-00320, and 10-cr-00321. Mr. Hentges thereafter filed another purported criminal complaint in Case No. 10-cr-00357. As noted in the Order to Show Cause, private citizens do not have the authority to prosecute criminal actions. *See Clinton v. Jones*, 520 U.S. 681, 718 (1997); *Mamer v. Collie Club of Am., Inc.*, 229 F.3d 1164, 2000 WL 1114237, at *2 (10th Cir. Aug. 8, 2000) (unpublished); *Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920, at *1 (10th Cir. Apr. 12, 1995) (unpublished). Criminal cases, unlike civil cases, can only be initiated by the Executive Branch of government, in this case, the U.S. Attorney. *See Clinton*, 520 U.S. at 718.

Mr. Hentges filed responses to the Order to Show Cause, essentially contending that because he was a victim of a crime he was entitled to a federal prosecution. Without expressing any opinion as to whether or not Mr. Hentges and/or his children were indeed victims of criminal conduct, the Court notes that Mr. Hentges' response does not identify any authority that would permit him, as alleged victim, to pursue criminal charges against the Defendants in his own name if the United States Attorney (or other office or agency with jurisdiction over the alleged conduct) chooses not to do so.

**IT IS THEREFORE ORDERED** that the purported criminal complaint in each of these cases is dismissed and all pending motions therein are denied. The Clerk of the Court shall not open any further cases filed by Mr. Hentges as criminal actions unless specifically directed to do so by the Court.

Dated this 26th day of October, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge